Slip Op. 19-95

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MOEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Timothy C. Stanceu, Chief Judge <br><br> Court No. 15-00161 |

## OPINION

[Granting plaintiff's motion to dismiss and denying as moot other pending motions]

Date: July 26, 2019

*William R. Rucker*, Drinker Biddle & Reath, LLP, of Chicago, IL, for plaintiff Moen, Inc.

*Jamie L. Shookman*, Trial Attorney, International Trade Field Office, Civil Division, U.S. Department of Justice, of New York, NY, for defendant United States. With her on the brief were *Joseph H. Hunt*, Assistant Attorney General, and *Amy M. Rubin*, Assistant Director. Of counsel on the brief was *Michael H. Heydrich*, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Stanceu, Chief Judge: Plaintiff Moen, Inc. ("Moen") moves to dismiss its action against the United States challenging the denial by U.S. Customs and Border Protection ("Customs" or "CBP") of its administrative protest pertaining to the tariff classification of various models of showerheads imported from the People's Republic of China.

Before the court are plaintiff's motion for voluntary dismissal under USCIT Rule 41(a) and other motions (plaintiff's motion to exclude an expert opinion, plaintiff's motion for leave to file a reply in support of the motion to exclude the expert opinion, plaintiff's motion to amend

the scheduling order, and defendant's motion for summary judgment and the associated response and reply).

Defendant opposes plaintiff's motion for voluntary dismissal, noting in particular its expenditure of resources and its pending summary judgment motion, which is ready for disposition by the court.

The court will grant plaintiff's motion to dismiss, deny all other pending motions as moot, and enter judgment dismissing this action.

### I. BACKGROUND

Plaintiff made three entries of showerheads, on January 7, 9, and 16, 2014, at the port of Los Angeles, California (Entry Nos. 231-1288327-1, 231-1288330-5, 231-1289161-3, respectively). Summons 1 (June 12, 2015), ECF No. 1. Customs liquidated the entries between November 21 and 28, 2014, inclusive, classifying the imported showerheads in subheading 3924.90.5650, Harmonized Tariff Schedule of the United States ("HTSUS") ("Tableware, kitchenware, other household articles and hygienic or toilet articles, of plastics: Other: Other, Other"), subject to duty at 3.4% *ad val.*[1] *Id.* at 2. Plaintiff contested the liquidations in an administrative protest filed May 20, 2015 (Protest No. 2704-15-100595). *Id.* at 1. Customs denied the protest on June 3, 2015, and plaintiff commenced this action on June 12, 2015. *Id.* Plaintiff filed the complaint on August 28, 2015, Compl. (Aug. 28, 2015), ECF No. 7, and defendant filed its answer on January 22, 2016, Answer (Jan. 22, 2016), ECF No. 15.

Before the court, plaintiff claimed classification in subheading 8424.89.0000, HTSUS ("Mechanical appliances (whether or not hand operated) for projecting, dispersing or spraying

---

[1] All citations to the Harmonized Tariff Schedule of the United States are to the 2014 edition.

liquids or powders . . . ; parts thereof: Other appliances: Other"), subject to duty at 1.8% *ad val*. Compl. ¶ 23.  In the alternative, plaintiff claimed classification in a "parts" subheading of heading 8424, subheading 8424.90.9080, HTSUS ("Mechanical appliances (whether or not hand operated) for projecting, dispersing or spraying liquids or powders . . . ; parts thereof: Parts: Other, Other"), free of duty.  *Id.* ¶ 29.

Plaintiff filed a motion to exclude the opinion of the government's witness, Dr. Lamyaa El-Gabry, on February 25, 2019.  Pl.'s Mot. to Exclude Expert Op. (Feb. 25, 2019), ECF No. 35. Defendant responded to this motion on March 1, 2019.  Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Exclude Expert Op. (Mar. 1, 2019), ECF No. 36.  Plaintiff filed a motion for leave to file a reply in support of the motion to exclude the opinion on March 8, 2019.  Pl.'s Mot. for Leave to File Reply in Sup. of Mot. to Exclude Expert Op. (Mar. 8, 2019), ECF No. 37.

Plaintiff filed its motion for voluntary dismissal on April 29, 2019.  Pl.'s Mot. for Voluntary Dismissal (Apr. 29, 2019), ECF No. 42 ("Pl.'s Mot.").  Defendant moved for summary judgment the following day, claiming that the merchandise was correctly classified by Customs upon liquidation.  Def.'s Mot. for Summ. J. and Def.'s Br. and Exs. in Supp. of its Mot. for Summ. J. (Apr. 30, 2019), ECF Nos. 43 (public), 44 (conf.) ("Def.'s Mot.").  Defendant filed a response in opposition to plaintiff's motion for voluntary dismissal on May 9, 2019.  Def.'s Mem. of Law in Opp'n to Pl.'s Mot. for Voluntary Dismissal (May 9, 2019), ECF No. 47 ("Def.'s Mem.").  Plaintiff replied to defendant's opposition on May 17, 2019.  Pl.'s Reply in Supp. for Mot. of Voluntary Dismissal (May 17, 2019), ECF No. 48.  Plaintiff responded to defendant's motion for summary judgment on June 4, 2019, opposing defendant's motion on the grounds that (1) defendant has not shown entitlement to summary judgment as there are disputed material facts in the case; and (2) granting plaintiff's motion for voluntary dismissal would

provide defendant the relief it seeks and avoid unnecessary litigation. Pl.'s Resp. to Def.'s Mot. for Summ. J. (June 4, 2019), ECF No. 49 ("Pl.'s Resp."). Defendant replied in support of its summary judgment motion on July 17, 2019. Reply Mem. of Law in Supp. of the Gov't's Mot. for Summ. J. (July 17, 2019), ECF No. 53.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

The court exercises jurisdiction pursuant to 28 U.S.C. § 1581(a) (2012), according to which the U.S. Court of International Trade ("USCIT") has exclusive jurisdiction over an action brought under section 515 of the Tariff Act of 1930, *as amended* ("Tariff Act"), 19 U.S.C. § 1515 (2012), to contest a denial of a protest by Customs.

### B. Voluntary Dismissal Pursuant to Rule 41(a)(2)

Dismissal of actions is governed by Rule 41 of the Rules of the U.S. Court of International Trade. Where, as here, the motion for voluntary dismissal was not filed before the opposing party served its answer to the complaint and there is no stipulation of dismissal signed by all parties, dismissal requires a court order, and the court may order dismissal "on terms that the court considers proper." USCIT R. 41(a)(2). Unless otherwise stated, such dismissal is without prejudice. *Id.*

### C. Plaintiff's Motion to Dismiss

Noting that goods from China classified in subheading 8424.89.90 are subject to 25% additional duties pursuant to presidential action taken under Section 301 of the Trade Act of 1974, effective August 23, 2018, Moen gives as its reason for seeking dismissal of this case that "[t]he Section 301 duties imposed by the Government have significantly changed the importing landscape for showerheads manufactured in China." Pl.'s Mot. 1. Plaintiff adds that goods from

China classified under subheading 8424.90.90, HTSUS, (its alternative classification claim) are subject to Section 301 additional duties of 10%, effective September 24, 2018. *Id.*

### D. Defendant's Opposition to Plaintiff's Motion to Dismiss

Defendant gives three reasons for opposing plaintiff's motion to dismiss. It argues that "[t]his case is ready for the Court to resolve on the merits, as indicated by the motion for summary judgment that we filed the day after plaintiff moved to dismiss the case." Def.'s Mem. 3. It argues, next, that "plaintiff does not seek to abandon its classification claim" and "will likely litigate the correct classification of its showerheads if and when goods classifiable under its claimed tariff provision are no longer subject to the 301 duties." *Id.* Additionally, defendant points out that "significant time and resources have been expended litigating the correct classification of plaintiff's showerheads." *Id.*

A motion for voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the court and should be granted unless clear legal prejudice to an opposing party can be shown. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (3d ed. 2019). Voluntary dismissal is favored generally because ruling otherwise would require a plaintiff to pursue a complaint in which it is no longer interested. *See id.* Courts typically consider the following factors when determining whether sufficient legal prejudice exists to deny a Rule 41(a)(2) motion: (1) defendant's effort and expense in preparation for trial; (2) any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) whether defendant has filed a motion for summary judgment. *Id.*

The court does not have a basis to conclude that plaintiff caused excessive delay, or demonstrated a lack of diligence, in prosecuting this action. Nor does the court conclude that

plaintiff failed to provide a sufficient explanation for its request for dismissal, plaintiff having disclosed the reason it is not interested in contesting the liquidation of the entries at issue. Pl.'s Resp. 2. The first and fourth factors, i.e., defendant's efforts in litigating and the motion for summary judgment, merit further discussion.

Regarding the time and resources it has expended, defendant states that "the government has spent over three years" litigating the classification issue in this case, that "[f]act and expert discovery has included multiple rounds of document exchange, including documents requested by plaintiff that could only be obtained from the National Archives and Records Administration," and that "[d]iscovery has also included Rule 30(b)(6) depositions" and "the exchange of export reports." Def.'s Mem. 1-2. Defendant adds that "[t]he Government also has had to respond to three procedural motions that plaintiff filed after the 301 duties became effective" and "was not advised that plaintiff was going to seek dismissal of this case until shortly before the dispositive motion deadline, after the Government had nearly completed its motion for summary judgment." *Id.* at 2.

While the government has expended time and effort in litigation, the court cannot presume that all of this time and effort necessarily will come to naught. Noting that plaintiff has multiple protests that have been administratively suspended, defendant expects that if this case is dismissed according to Rule 41(a)(2), Moen will file a new action that "would likely be identical to this case." *Id.* At least some of the effort the government devoted to discovery and the summary judgment motion may be useful if and when a new action is brought on other entries of the merchandise at issue. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337-38 (Fed. Cir. 2007). Also, upon dismissal of the instant action, the liquidation of the entries that are the subject of this action, which occurred at the classification

the government advocates, will stand.  For these reasons, defendant will not suffer clear legal prejudice should Moen, having obtained dismissal, decide to litigate the classification issue later (with respect to entries other than those at issue here), or not at all.  Defendant cites *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984) for the proposition that "the Court's responsibility is to reach the correct result" and USCIT Rule 1 for the principle that the court should do so as efficiently as possible.  Def.'s Mem. 3.  But *Jarvis Clark* did not address the issue posed by defendant's motion to dismiss.  Nor does the "just, speedy, and inexpensive" requirement of Rule 1 require the court to deny the motion to dismiss where, as here, plaintiff does not wish to proceed with its classification claim and defendant cannot establish that it will be legally prejudiced by dismissal.

### III. CONCLUSION

For the reasons stated above, the court will grant plaintiff's motion for voluntary dismissal without prejudice and will deny all other pending motions as moot.

Judgment will enter accordingly.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Chief Judge

Date: July 26, 2019
New York, NY